**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4358-16T3

THE BANK OF NEW YORK MELLON,
as indenture trustee, not in
its individual capacity but
solely as indenture trustee
for GREENPOINT HOME EQUITY
LOAN TRUST SERIES 2004-1,

    Plaintiff-Respondent,

v.

KAREN SAINT,

    Defendant-Appellant,

and

MR. SAINT, unknown spouse of
KAREN SAINT and SLOMIS'S, INC.,

    Defendants.

_____

Submitted March 13, 2018 — Decided July 9, 2018

Before Judges Sumners and Moynihan.

On appeal from Superior Court of New Jersey,
Chancery Division, Middlesex County, Docket
No. F-037841-14.

Karen Saint, appellant pro se.

Stradley, Ronon, Stevens & Young, LLP, attorneys for respondent (Jacqueline Aiello and Eric M. Hurwitz, on the brief).

PER CURIAM

Defendant Karen Saint appeals from a March 4, 2016 order denying her cross-motion to dismiss plaintiff Bank of New York Mellon's (Mellon) foreclosure complaint; a June 24, 2016 order granting Mellon's motion for summary judgment, striking defendant's answer, entering default judgment against defendant, and forwarding the matter to the Office of Foreclosure to proceed as uncontested; a March 6, 2017[1] order denying defendant's motion to cancel the mortgage;[2] and a final judgment of foreclosure entered on April 3, 2017.

Defendant argues:

POINT 1

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION CONCLUDING THE ASSIGNMENT OF MORTGAGE DEMONSTRATES THE MORTGAGE WAS ASSIGNED TO PLAINTIFF.

---

[1] The notice of appeal incorrectly dates this order as March 3, 2017.

[2] Defendant did not brief this issue and we will not consider an argument not properly advanced. Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011). We, nonetheless, state our agreement with the trial judge's rationale and holding in denying defendant's motion.

<u>POINT 2</u>

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION CONCLUDING PLAINTIFF POSSESSED THE ORIGINAL NOTE ON SEPTEMBER 9, 2014.

<u>POINT 3</u>

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION CONCLUDING PLAINTIFF POSSESSED THE ORIGINAL NOTE ON SEPTEMBER 9, 2014.

<u>POINT 4</u>

THE TRIAL COURT ERRED IN ITS CONCLUSION WHETHER THERE WAS SUFFICIENT EVIDENCE TO CONCLUDE PLAINTIFF MET ALL NOTICE REQUIREMENTS UNDER FEDERAL AND STATE LAW.

<u>POINT 5</u>

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY NOT FOLLOWING SUMMARY JUDGMENT CIVIL PROCEDURE.

We conclude these arguments are meritless and affirm.

Defendant first contends the trial judge abused her discretion in concluding the assignment of mortgage demonstrated that the mortgage was assigned to Mellon, arguing the certifications submitted by employees of Ocwen Loan Servicing, LLC (Ocwen),[3] did not sufficiently establish that Mellon and the assignee were the same so as to support the grant of summary judgment. The judge declined that argument, finding "not even a scintilla of information that would support that argument." We

---

[3] Ocwen was plaintiff's loan servicer.

agree. The judge considered an assignment to Mellon, "[formerly] known as Bank of New York as trustee, for the certificate holders of Greenpoint Loan Trust 2004[-]1" recorded on January 26, 2010. The March 31, 2016 certification submitted by Ocwen employee Jesse Rosenthal[4] addressed defendant's contention that "Greenpoint Home Loan Trust" and Mellon were "two different trust[s]," explaining Mellon, formerly known as "The Bank of New York as Trustee for the Certificateholders of GreenPoint Mortgage Loan Trust 2004-1 and [Mellon], as Indenture Trustee, not in its individual capacity but solely as Indenture Trustee for Greenpoint Home Equity Loan Trust 2004-1 are one in the same entity."

Defendant's argument that the judge abused her discretion by concluding plaintiff possessed the note on the date the foreclosure complaint was filed — September 9, 2014 — is without merit. The judge initially found the certification of Ocwen employee Samantha Ball to be insufficient to prove plaintiff's possession of the note at the time the complaint was filed. Rosenthal's certification presented that his review of the loan documents revealed Ocwen, since the date the complaint was filed, had been in "possession, custody, and control" of the original note

---

[4] The judge directed plaintiff to file a supplemental certification.

defendant executed; specifically, since September 8, 2014.[5] We reject defendant's argument that the certification is contradictory as to those dates. Rosenthal merely referenced the date the complaint was filed and the date the note came into possession.

"[W]e [have] held that either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Deutsche Bank Tr. Co. Ams. v. Mitchell, 422 N.J. Super. 214, 216 (App. Div. 2011)). There is ample proof regarding both the note and the assignment; plaintiff had standing.

We determine the balance of defendant's arguments[6] — that the judge abused her discretion in finding there was sufficient evidence to conclude defendant defaulted on April 1, 2009; erred in concluding plaintiff met the notice requirements under State and federal law; and erred by accepting plaintiff's deficient certifications — are without sufficient merit to warrant

---

[5] Rosenthal's certification was included in defendant's appendix. Both exhibits Rosenthal referenced as support for his contentions were not, however, included in the record.

[6] We do not see that any of these arguments were raised to the trial judge. Although we need not consider them, Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973), we address them briefly.

discussion. R. 2:11-3(e)(1)(E). Rosenthal's certification complied with Rule 4:64-1(a)(2) and -2(a) through (c), and set forth the date of the default and that a Notice of Intent to Foreclose (NOI) was sent to defendant on March 28, 2014 in accordance with the Fair Foreclosure Act,[7] N.J.S.A. 2A:50-56. They were properly considered by the judge.

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd o.b., 273 N.J. Super. 542 (App. Div. 1994).

A mortgagor opposing summary judgment has a duty to present facts controverting the mortgagee's prima facie case. Spiotta v. William H. Wilson, Inc., 72 N.J. Super. 572, 581 (App. Div. 1962). Unexplained conclusions and "[b]ald assertions are not capable of . . . defeating summary judgment." Ridge at Back Brook, LLC v. Klenert, 437 N.J. Super. 90, 97-98 (App. Div. 2014). As the motion judge found, defendant has raised nothing more than bald

---

[7] Again, the exhibit supporting Rosenthal's contentions was not included in this record; a copy of the NOI, however, is included in defendant's appendix.

assertions.  We apply the same standard[8] but do not defer to the trial court's conclusion granting or denying summary judgment. Townsend v. Pierre, 221 N.J. 36, 59 (2015).  Having addressed defendant's contested issues, and there being no material issues otherwise raised, we conclude the judge correctly granted summary judgment and entered final judgment of foreclosure.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[8] The standard that governs the trial court, requires denial of summary judgment when "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

A-4358-16T3